# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

APRIL WATERMAN, )
      )
    Plaintiff, )
      )   Case No.
v.     )   Removed from the Circuit Court of
      )   Jackson County, Missouri
      )   Case No. 2216-CV13603
BERGANKDV, LTD.,   )
      )
    Defendant. )

## NOTICE OF REMOVAL

Defendant BerganKDV, Ltd. ("BerganKDV"), pursuant to 28 U.S.C. §§ 1332, 1441, and

1446, hereby removes the Missouri state court action identified below to the United States District

Court for the Western District of Missouri, Western Division. In support of its Notice of Removal,

BerganKDV states as follows:

### I.    Case History

1.      On June 14, 2022, Plaintiff April Waterman ("Waterman") filed a Petition (the

"Petition") and thereby commenced a civil action against BerganKDV in the Circuit Court of

Jackson County, Missouri, captioned *April Waterman v. BerganKDV, Ltd.*, Case No. 2216-

CV13603 (the "State Court Action").

2.      On October 12, 2022, Waterman filed an Amended Petition ("Amended Petition")

in the State Court Action.

3.      Plaintiff's Amended Petition alleges six separate claims against BerganKDV, all

brought pursuant to the Missouri Human Rights Act ("MHRA"). *See* Amended Petition at p. 6-15.

MN 636161.2

## II. Diversity Jurisdiction Exists as a Basis for Removal

4. Removal is proper because this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, which confers federal jurisdiction upon cases with diversity of citizenship and where the amount in controversy exceeds $75,000.

5. First, diversity of citizenship exists. Waterman, based on allegations in her Amended Petition, resides in Missouri and is a resident thereof. *See* Amended Petition at p. 2. Defendant BerganKDV is a Minnesota corporation with its principal place of business in Minnesota. *Id.* at p. 3.

6. Second, Waterman appears more likely than not to claim an amount in controversy over $75,000. 28 U.S.C. § 1332(a). While Plaintiff's Amended Petition does not state a numerical value of damages, the case is removable to federal court if the removing party shows, by a preponderance of the evidence, "that the amount in controversy exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003).

7. Courts have explained that "[t]he preponderance of the evidence standard requires a defendant to demonstrate by sufficient proof that a plaintiff's verdict reasonably may exceed the jurisdictional amount." *City of Univ. City, Missouri v. AT & T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 932 (E.D. Mo. 2002) (internal quotation marks omitted). The question is "not whether the damages are greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Walker v. Federal Express*, 2019 WL 2603544, at *2 (E.D. Mo. June 25, 2019) (emphasis in original).

8. In determining the amount in controversy, courts must look to "the value of the relief" sought by the plaintiff. *Clark v. Matthews Intern. Corp.*, 639 F.3d 391, 396 (8th Cir. 2011).

9. Waterman alleges that BerganKDV violated the Missouri Human Rights Act ("MHRA') on numerous counts, for which she seeks "appropriate back and front pay and benefits,

2

MN 636161.2

with prejudgment interest," "extraordinary and/or equitable relief as permitted by law," "all compensatory, restitutionary, and/or remedial relief," "pre-judgment and post-judgment interest," "reasonable attorneys' fees," "expert witness fees," and "other costs." Amended Petition at p. 15-16.

10.     The MHRA allows recovery for "actual damages," in addition to "damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, and other nonpecuniary losses, and punitive damages" which are based on the size of the employer. Mo. Stat. § 213.111(4).

11.     Here, Waterman's actual damages—which BerganKDV does not concede she is owed in any fashion, but cites only for purposes of determining jurisdiction—likely exceed $75,000 on their own.

12.     Waterman left her employment with BerganKDV in February 2021. Amended Petition at ¶ 32.

13.     Assuming that a trial is set 18 months after the case has moved to federal court, Waterman's trial would occur around May 2024. If successful at trial, Waterman could be entitled to 39 months of back pay.

14.     At BerganKDV, Waterman's salary was approximately $56,391.40/year or $4,699.28/month. If she received her full back pay, she would receive $183,271.92. *See* Affidavit of Marie Campion, attached as Exhibit 1, ¶¶ 5-6.

15.     While BerganKDV acknowledges that Waterman may have mitigated her damages in some fashion, this calculation is helpful for determining the amount in controversy. Even if she only receives half of this back pay ($91,635.96), she will still have more than $75,000 at issue as part of her actual damages.

16. Of course, this off-the-cuff calculation does not even include Waterman's benefits, as—if successful at trial—she would be entitled to receive her lost benefits, subject to whatever mitigation effects she undertook. *See* Ex. 1 ¶¶ 7-8.

17. While employed at BerganKDV, Waterman received life insurance and long-term disability benefits. *See* Exhibit 1, ¶¶ 6-7. These benefits equaled approximately $15.56 in monthly contributions from BerganKDV. *Id.* If Waterman were to receive 39 months of benefits, this would add an additional $606.84 to her damages calculation. *Id.*

18. BerganKDV also provided additional benefits to Waterman in the form of paid holidays, a floating holiday, and time off.

19. These numbers mentioned above, however, only consider Waterman's potential "actual damages."

20. Waterman also seeks punitive damages in this case, as under the "Wherefore" paragraph for each Count, Waterman requests punitive damages. *Id.*, generally.

21. Under the MRHA, punitive and other "future pecuniary losses" are capped based on the size of the employer.

22. For BerganKDV, which has over 500 employees, punitive damages under the MHRA could be up to $500,000. Mo. Stat. § 213.111(4); Exhibit 1,¶ 9.

23. Regarding Waterman's claim for lost future wages, it would be reasonable for the Court to calculate front pay for a period of two years, totaling $112,782.80. *See Walker*, 2019 WL 2603544, at *2 (the court accepted the removing defendant's calculation of two years of front pay as a reasonable estimation of potential damages when determining the amount in controversy in a case brought under the MHRA); *see also Browning v. President Riverboat Casino-Missouri*, 139

4

F.3d 631, 637 (8th Cir. 1998) (award of two years of front pay in an MHRA case was affirmed as being reasonable).

24. Thus, Waterman's total potential damages are approximately:

a. Back pay: $183,271.92 (subject to mitigation);
b. Front pay: $112,782.80 (subject to mitigation);
c. Benefits: $606.84 (subject to mitigation);
d. Punitive damages: capped at $500,000.[1]

25. The MHRA also permits the prevailing party to recover its court costs and attorneys' fees. Mo. Stat. § 213.111(2).

26. Waterman additionally makes a claim for attorneys' fees. Amended Petition at p. 15-16.

27. There are numerous MHRA cases that have resulted in five and six-figure awards of attorneys' fees. *See Hyster v. Ethel Hedgeman Lyle Acad.*, 2009 WL 1850912, at *3 (E.D. Mo. June 29, 2009) ($25,000.00 attorneys' fee award on default judgement); *see also Al-Birekdar v. Chrysler Group, LLC*, 499 Fed. Appx. 641, 646 (8th Cir. 2013) (it was not an abuse of discretion for the trial court to award $55,650.00 in attorneys' fees to the plaintiff); *see also Soto v. Costco Wholesale Corp.*, 502 S.W.3d 38 (Mo. Ct. App. 2006 (court affirmed a $234,890.00 attorneys' fee award); *see also Betton v. St. Louis County*, 2010 WL 2025333, at *8 (E.D. Mo. May 19, 2010) (plaintiffs awarded $188,715.38 in attorneys' fees).

28. Should this case be litigated to a verdict, it would not be speculative that Plaintiff could be awarded attorneys' fees that, "when combined with damages, [would] render the amount in controversy in excess of $75,000." *Walker*, 2019 WL 2603544, at *3.

---

[1] In addressing the amount in controversy requirement, BerganKDV does not admit to liability or concede that Waterman is entitled to any damages as a result of BerganKDV's alleged conduct, but instead sets forth the damages as alleged by Waterman for jurisdictional purposes only.

5

29. Waterman's original Petition did contain a claim for emotional distress, but her Amended Petition removed that claim, perhaps in an attempt to avoid removal.

30. But even without a claim of emotional distress, based on the preponderance of the evidence, reasonable estimates based on Plaintiff's complaint, and litigated cases premised on the same statutes at issue in this case, the amount Plaintiff has placed in controversy well exceeds $75,000.00.

31. Because this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332, and the requirements for diversity jurisdiction are met, this case is properly removable pursuant to 28 U.S.C. § 1441(a).

**III.    All Other Removal Requirements are Met**

32. A copy of the Petition was served on BerganKDV on September 27, 2022. This Notice of Removal is accordingly timely filed within 30 days of service of the Petition. *See* 28 U.S.C. § 1446(b).

33. Removal to this Court is appropriate because the state case is pending in the Circuit Court of Jackson County, Missouri, which is located in the Western District's jurisdiction. 28 U.S.C. § 1441(a).

34. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all filings in the State Court Action, including the Petition, Civil Summons, and Amended Petition, are attached hereto as **Exhibit 2**, which includes all pleadings received by or served on BerganKDV in the State Court Action.

35. Notice of filing of this Notice of Removal is being filed concurrently in the Circuit Court of Jackson County, Missouri, and is being provided to all parties to the underlying State Court Action.

MN 636161.2

36. By this Notice of Removal, BerganKDV does not waive any defenses, jurisdictional or otherwise, which it may possess. BerganKDV likewise does not concede that Plaintiff has stated any claim against it for which relief may be granted.

37. Defendant does not demand a jury trial at this time.

38. Defendant hereby designates the place of trial for this matter as Kansas City, Missouri (400 E. 9th Street, Kansas City, MO 64106).

WHEREFORE, Defendant BerganKDV, Ltd. removes the State Court Action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri, for the exercise of jurisdiction over this action as though this action had originally been instituted in this Court, in accordance with the foregoing statutory provisions.

DATED: October 26, 2022.

Respectfully submitted,

SPENCER FANE LLP

*/s/ Casey P. Murray*
Casey P. Murray, MO Bar No. 58741
Amanda L. Lewandowski, MO Bar No. 73398
1000 Walnut Street, Suite 1400
Kansas City, MO  64106
Tel:  816.474.8100
Fax:  816.474.6321
cmurray@spencerfane.com
alewandowski@spencerfane.com

**ATTORNEYS FOR DEFENDANT**

7

MN 636161.2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 26th day of October, 2022, a true and accurate copy of the foregoing instrument was filed electronically with the Clerk of Court via ECF, which caused a copy of the same to be served on all counsel of record with notice of case activity generated, and a copy was sent via e-mail to the following:

Gerald Gray II
G. Gray Law, LLC
104. W 9th St. Ste 401
Kansas City, Mo 64105
ggraylaw@outlook.com


*/s/ Casey P. Murray*
Attorney for Defendant

8

MN 636161.2